In the Matter of the Estate of HENRY F. ELIAS, Deceased.*

Surrogate's Court, New York County, August 16, 1927.

**Wills — probate — application to revoke probate granted.**

The application to revoke a decree admitting the will of the testator to probate is granted, since it appears that the petitioners have made out a *prima facie* case showing that they are relatives of the testator who should have been given notice of probate, and since it appears also that on the original probate a contest by other relatives was settled by the payment of substantial sums and

---

* See, also, 128 Misc. 122.

that the present petitioners acted promptly upon learning of the death of the testator and the probate of his will.

The application is granted, however, upon condition that the relationship between the petitioners and the testator be proven before a referee on or before October 1, 1927, that the petitioners bear the costs of the trial if they do not succeed in the contest, and that the trial of the contested probate be had not later than January 1, 1928.

APPLICATION to vacate decree admitting will and codicil to probate.

*Samuel F. Moran* [*John D. Monroe* with him on the brief], for the applicants.

*Charles A. Strauss,* for the proponents.

*Ehrich, Wheeler & Walter,* for Blythedale Home.

*Stroock & Stroock,* for Montefiore Home.

*Strassbourger & Schallek,* for Hebrew Orphan Asylum.

*Davis, Polk, Wardwell, Gardiner & Reed,* for St. John's Guild.

*Joseph H. Fargis,* for House of Good Shepherd.

*Henry F. Wolff,* for Mount Sinai Hospital.

*Arthur Morris* and *Sidney Forscher,* for Nellie McMylin and another.

O'BRIEN, S. This is an application for a decree vacating a decree heretofore made herein admitting testator's will and codicil to probate. In the probate proceeding an order was made directing that citation be served on the heirs and next of kin of decedent by publication in two newspapers, and in accordance with said order the citation was so published. On the return of citation certain maternal cousins appeared and filed objections to the probate of the will and codicil on the grounds of undue influence and lack of testamentary capacity. Said objections were subsequently withdrawn after seven of the legatees named in the will, including the residuary legatee, entered into an agreement with the objectors, under the terms of which the latter received substantially one-quarter of the estate in settlement of the dispute. The executors were not parties to the settlement. Six legatees who settled with the objectors were charitable institutions, which, under the will, receive the bulk of the estate. The present applicants allege that they are children of paternal uncles and aunts of the decedent, and that as he left no nearer kin they were entitled to notice of the probate. It is further alleged that the applicant Jacob Franklin lives and has lived at No. 500 Manhattan avenue, borough of Manhattan; that the applicant Isaac Franklin lives and has lived at No. 792 East Twenty-first street, Brooklyn, and that the applicant

Julius Frankel lives at No. 451 Evergreen avenue, Brooklyn. It is alleged that none of these applicants received any notice of the probate of decedent's will; that they did not know of any proceedings had for the probate of decedent's will; that they did not know that he was dead or had left a will until March of this year. The notice of publication was printed in the New York Law Journal and the Jewish paper, *Day.* The affidavits go into the details of the affiants' family connections originally in Germany and later in New York and California and describe and identify the Henry F. Elias to whom they claim to be related. The petition for probate of the will, which was dated October 25, 1925, and of a codicil which was dated May 19, 1926, was presented to this court on or about June 9, 1926, and a citation was issued, returnable August 19, 1926. Certain cousins of decedent on his mother's side were served with citation and, as above stated, appeared on the return day and filed objections to the will and codicil, demanding a jury trial on all the issues raised by the objections filed. The objections alleged that the will had not been executed in accordance with statutory requirements; that the execution of the will and codicil were not his free, unrestrained or voluntary act; that the execution was secured through undue influence and that decedent lacked testamentary capacity. *The written instrument by which the settlement was made with the contestants is dated November 22, 1926.* The order authorizing the withdrawal of objections was dated *January 14, 1927.* After carefully considering the moving papers, answering affidavits, briefs in behalf of the application and in opposition, and the papers in the probate proceeding and in the applications incidental thereto, I have concluded that these applicants should be given their day in court and that the application should be granted but upon conditions hereinafter set forth. There are many grounds for this conclusion, among which the following may be mentioned: (1) The filed papers in the probate proceeding and in the applications incidental thereto and the whole history of the events leading up to the probate of the will; (2) the objections filed in said probate proceeding; (3) the substantial consideration in the settlement agreement entered into between the legatees and eleven contestants; (4) the sworn statements of the applicants and of their attorney; (5) the promptness with which the applicants have moved for relief. The application herein is granted upon the following conditions: (1) That the relationship between the applicants and decedent be proven before a referee appointed for that purpose and that applicants' case before the referee be completely presented before October 1, 1927; (2) that the costs of the trial of the objections be borne by the contestants if they do not succeed

Surrogate's Court, New York County, August, 1927.　　[Vol. 130

in said contest; and (3) that the trial of the contested probate be had not later than January 1, 1928.　Order of reference signed. Submit order on notice.